UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RICKIE STORM,<br><br>              Petitioner,<br><br>v.<br><br>BRENT REINKE, et al,<br><br>              Respondent. | Case No. 1:12-cv-00001-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

      Petitioner Rickie Storm filed a Petition for Writ of Habeas Corpus challenging his revocation of parole. (Dkt. 1, 6.) Respondent Brent Reinke filed a Motion for Summary Dismissal, asserting that the claims are untimely. (Dkt. 10.) Petitioner filed a Response to the Motion, and Respondent filed a Reply. (Dkt. 12, 13.) Also pending are several other motions filed by the parties. (Dkt. 8, 14, 16, 17.)

      Having reviewed the record and the parties' briefing, the Court concludes that oral argument is unnecessary. Accordingly, the Court enters the following Order.

**MEMORANDUM DECISION AND ORDER - 1**

REVIEW OF MOTION FOR SUMMARY DISMISSAL

1. **Standard of Law Governing Motions to Dismiss**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In such case, the Court construes the facts in a light most favorable to the petitioner. It is appropriate for the Court to take judicial notice of court dockets from state court proceedings. Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

2. **Background**

Petitioner was convicted of two counts of grand theft and one count of possession of a controlled substance in 2004. (State's Lodging A-1, p. 53.) He was sentenced to unified terms of 14 years on the grand theft counts, and 7 years on the possession count. (*Id.*) The Petition for Writ of Habeas Corpus filed in this action challenges a parole revocation. The relevant dates and events are as follows:

| | |
|---|---|
| August 26, 2008 | Petitioner was granted parole. (State's Lodging A-1, pp. 53-54.) |
| January 16, 2009 | Petitioner's parole officer, Darwin Cameron, filed a report of parole violation alleging multiple parole violations and recommending revocation of parole and incarceration on the remainder of Petitioner's sentences. (*Id.*, pp. 56-64.) |
| April 8, 2009 | Parole hearing officer Christine Lewis conducted a parole violation hearing. Petitioner was found guilty of several |

|  |  |
|---|---|
|  | violations, and others were dismissed. Lewis recommended that parole be revoked. (*Id.*, pp. 67-82.) |
| July 14, 2009 | The Idaho Commission of Pardons and Parole (ICPP) held a parole revocation hearing, adopted the findings of the hearing officer, revoked parole, and scheduled the next parole hearing for July 2014. (*Id.*, pp. 83-91.) |
| February 24, 2010 | Petitioner filed a state habeas corpus petition challenging parole revocation. (*Id.*, pp. 19-47.) The petition was denied. (*Id.*, pp. 170-75.) |
| April 9, 2010 | Petitioner filed a Self-Initiated Progress Report (SIPR), which is called an "appeal." (Dkt. 13-1, p. 2.) |
| May 4, 2010 | Petitioner's SIPR was denied by the ICPP.[1] |
| April 21, 2011 | On appeal, the Idaho Court of Appeals affirmed denial of the petition for writ of habeas corpus. (State's Lodging B-7.) |
| June 15, 2011 | The Idaho Supreme Court denied the petition for review, and the remittitur was issued, concluding the state court habeas corpus action. (State's Lodgings B-10, B-11.) |
| December 29, 2011 | Petitioner filed the federal Petition for Writ of Habeas Corpus in this action (mailbox rule date). (Dkt. 1.) |

Respondent argues that the Petition for Writ of Habeas Corpus in this action was filed beyond the statute of limitations deadline because Petitioner had two large gaps in time that equal more than 365 days–one after his parole revocation and one after the remittitur was issued in his state habeas action.

---

[1] The Court takes judicial notice of the denial in the public records of the Idaho Commission of Pardons and Parole. *See* Fed. R. Evid. 201; *Barron v. Reich*, 13 F.3d 1370 (9th Cir. 1994) (A court may take judicial notice of matters of public record in the 12(b) context, such as records and reports of administrative bodies). The record is found at http://parole.idaho.gov, "Notice of Action Taken List for the Date of: 5/03/2010 to 05/06/2010."

**MEMORANDUM DECISION AND ORDER - 3**

### 3.     Standard of Law Governing Statute of Limitations

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year statute of limitations for federal habeas corpus actions. *See* 28 U.S.C. § 2244(d)(1). Because Petitioner's federal habeas corpus petition was filed after AEDPA's enactment date, it is subject to the one-year statute of limitations. The statute provides several alternative dates for the beginning of the statute of limitations period, depending upon the type of decision or judgment at issue. The statute of limitations on a parole claim runs from "the date on which the factual predicate of the . . . claims presented could have been discovered through the exercise of due diligence" under § 2244(d)(1)(D), rather than from "the date on which the judgment became final" under § 2244(d)(1)(A), because an administrative decision is not a judgment. *Redd v. McGrath* 343 F.3d 1077 (9th Cir. 2003); *Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004); *Mardesich v. Cate*, 668 F.3d 1164, 1171-72 (9th Cir. 2012).

"As a general rule, the state agency's denial of an administrative appeal is the 'factual predicate' for such habeas claims." *Mardesich*, 668 F.3d at 1172. In the parole denial context, the federal statute of limitations does not begin running until the administrative appeal is denied, subject to the petitioner receiving proper notice of the denial. *Redd*, 343 F.3d at 1082 (California parole scheme); *see also Shelby v. Bartlett*, 391 F.3d 1061, 1066 (9th Cir. 2004) (Oregon parole scheme).[2]

---

[2] The Ninth Circuit Court of Appeals has addressed the circumstance in which the federal habeas corpus statute of limitations expires before a state post-conviction collateral relief statute of limitations expires. In *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003), the court held that "section 2244(d)

**MEMORANDUM DECISION AND ORDER - 4**

"Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Hasan v. Galaza*, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001) (quoting *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)). Similarly, "a pro se petitioner's lack of legal sophistication is not, by itself, and extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

**4.     Discussion of Statute of Limitations Issue**

Because Petitioner is challenging a parole revocation decision rendered by an administrative body, his statue of limitations began to run on "the date on which the factual predicate of the claim or claims to be presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *Redd*, 343 F.3d at 1082. The precise issue in the current Motion for Summary Dismissal is which ICPP decision functions as the "factual predicate," according to Idaho law.

Parole revocation in Idaho is governed by the Idaho Administrative Code - Rules of the Commission of Pardons & Parole (IDAPA) § 50.01.01.400, entitled "Parole Revocation Process." IDAPA § 50.01.01.400.09(c)(iv) provides that "the offender is entitled to a verbal or written decision within twenty (20) days of the hearing" on parole revocation. It can be argued that this decision is the "factual predicate" if there is no administrative appeal open to the inmate.

---

does not permit the reinitiation of the limitations period that has ended before the state petition was filed."

**MEMORANDUM DECISION AND ORDER - 5**

This is where Idaho law becomes murky. IDAPA 50.01.01.500, entitled "Self-Initiated Progress Report" (SIPR), provides: "An inmate may *appeal* the last parole decision of the commission" (emphasis added). That section next states, "An inmate making a request for reconsideration of parole *denial* must initiate the process by submitting an application" (emphasis added). IDAPA 50.01.01.500.01.

The IDAPA does not mention an administrative appeal process for parole *revocation*. The SIPR form does not specify whether it is for parole denial, parole revocation, or both. (Dkt. 13-1, p. 2.). Here, Petitioner used the SIPR for parole revocation; nothing in the record or in Idaho case law indicates that its use for a parole revocation appeal is improper.

The difficulty for a federal habeas corpus statute of limitations analysis is that IDAPA 50.01.01.500.01(g) provides: "The [SIPR] petition may be submitted *no sooner* than six (6) months following the last hearing" (emphasis added).

IDAPA 50.01.01.500.01(h) and 50.01.01.500.02 provide that, once an SIPR petition or "appeal" is submitted, the ICPP, in executive session or via special hearing, will consider the petition. This is the same entity that made the original parole revocation decision, and, thus, it is not a traditional "appeal" in the sense that a higher governing body is reviewing the decision of the original decision-making entity. It is also a non-traditional "appeal," because the SIPR instructs the inmate to "[a]ddress the circumstances that have changed since your last hearing." (Dkt. 13-1, p. 1.)

**MEMORANDUM DECISION AND ORDER - 6**

...

While Idaho law provides that there is no direct *judicial* appeal from parole decisions, *see Carman v. Idaho Comm'n of Pardons and Parole*, 809 P.2d 503 (Idaho 1991),[3] revocation of parole can be judicially challenged via state habeas corpus proceedings. *See* Idaho Code § 19-4209(5)(b).

Therefore, under the applicable Idaho rules and statutes, Petitioner had two potential avenues of relief open to him: an administrative appeal and a judicial petition for writ of habeas corpus. The administrative appeal is an option that was not open to Petitioner until six months after the administrative decision was rendered. (Dkt. 13-1, p. 2.) The habeas corpus avenue was open immediately, and has no statute of limitations.[4] *See* Idaho Code § 19-4201, et seq. Nothing in the Idaho rules or statutes requires a Petitioner to first pursue an SIPR before pursuing a state habeas corpus petition; neither does pursuit of one of the types of action limit the other.

Respondent suggests that the Court follow the reasoning in *Leombruno v. Craven*, 2006 WL 753229 (D. Idaho 2006):

> Given the fact that there is no judicial appeal from a parole denial, and based on the IDAPA and Commission use of the word "appeal" and provision of a process for such an appeal, the Court concludes that either (1) the SIPR *is* an administrative appeal, which would extend the beginning

---

[3] This decision determined that the Idaho Commission of Pardons and Parole is not an "agency" within the Administrative Procedures Act, and thus inmates cannot appeal decisions of the Commission.

[4] A separate state habeas corpus petition *statutorily tolls* the federal statute of limitations if the federal statute has begun running and has not yet expired. *See* 28 U.S.C. § 2244(d)(2) (providing for tolling (suspension) of the one-year period for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending"). This is a different question from when an administrative decision becomes final, which will trigger the *start* of the federal statute of limitations.

**MEMORANDUM DECISION AND ORDER - 7**

> date of the statute of limitations to the date of the final appeal; or, alternatively, (2) the Commission's standard Notice and the IDAPA language would lead inmates to *believe* the SIPR is an appeal, in which case equitable tolling would apply to toll all of the time in which an inmate is attempting to "exhaust" his appeals. If Idaho and the Commission do not want to lead inmates to believe there is an administrative appeal, it should not use the word "appeal" in the IDAPA and the Commission's Notice.

*Id.* at *3.

The reasoning in *Leombruno* is sound, and the Court sees no reason to take a different course here. In Petitioner's case, he chose to use both remedies. The Court concludes that the Petition is timely under either option suggested in *Leombruno*.

First, if the "factual predicate" for Petitioner's claims is finality of the administrative appeal, the six months between the decision are not counted toward the federal statute of limitations because of the lack of finality of the July 14, 2009 parole revocation decision. That decision became final on May 4, 2010, upon denial of the SIPR. But, because an appeal of the state habeas petition was pending at that time, the federal statute of limitations was statutorily tolled until June 15, 2011, when the Idaho Supreme Court issued its remittitur in the habeas case. The equation for that theory is that the federal statute of limitations started on May 4, 2010, with tolling beginning on that date because of the pending habeas petition and ending on June 15, 2011; at that point, the statute began with 365 days left; and only 197 days elapsed before the filing of the federal petition on December 29, 2011, leaving Petitioner with 168 days to spare.

Second, as to applying equitable tolling in the present case, Respondent argues that Petitioner is unlike Mr. Leombruno, because Petitioner did not show diligence in pursuing

**MEMORANDUM DECISION AND ORDER - 8**

his remedies. In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court clarified that,"[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id*. at 418.

Respondent argues that Petitioner could have filed his SIPR at the six-month mark, which was January 14, 2010, but he did not file it until April 9, 2010, some 85 days later. In *Evans v. Chavis*, 546 U.S. 189 (2006), where a similar issue was at stake–application of federal habeas corpus *statutory* tolling within the context of California's unique post-conviction habeas corpus and appeal process–the United States Supreme Court made conclusions about what was and was not an "unreasonable delay" in filing an appeal under California's statutory scheme that provides no set time limits for or between habeas corpus filings:

> Six months is far longer than the "short period[s] of time," 30 to 60 days, that most States provide for filing an appeal to the state supreme court. *Saffold*, 536 U.S. at 219, 122 S.Ct. 2134. It is far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court, *see* Cal.App.Ct. Rule 28(e)(1) (2004). We have found no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained 6–month filing delay "reasonable." Nor do we see how an unexplained delay of this magnitude could fall within the scope of the federal statutory word "pending" as interpreted in *Saffold*. *See* 536 U.S., at 222–223, 122 S.Ct. 2134.

*Id*., 546 U.S. at 210 (citing *Carey v. Saffold*, 536 U.S. 214 (2002)). While the issue in both *Chavis* and *Saffold* was statutory tolling, and not equitable tolling, the underlying

**MEMORANDUM DECISION AND ORDER - 9**

issue of "within a reasonable time" can be analogized to the requirement of "diligence" in the equitable tolling analysis.

Here, after a six-month wait, the first date Petitioner could file an administrative appeal (an SIPR) was January 14, 2011. He filed his SIPR on April 9, 2011, which was 85 days after the first available date. The Court concludes that 85 days is not far from the 30-60 days that the United States Supreme Court has deemed "reasonable" for pursuing post-conviction relief, given the fact that Petitioner also had begun a state habeas corpus action within 41 days of the beginning of the SIPR "appeal period."[5] Although the habeas corpus action is a separate, collateral review process that was not itself limited by the six-month waiting period, it shows that Petitioner was engaged in a course of pursuing all of his potential remedies, as he claims, within 41 days of the first date he could "appeal."

The equitable tolling equation also tallies up in favor of Petitioner: the statute of limitations started when the parole revocation decision was issued on July 14, 2010, and that time was equitably tolled until Petitioner filed his state habeas petition on February 24, 2011, when the time was statutorily tolled; the federal statute began running on issuance of the remittitur in that action on June 15, 2011, with 365 days left; only 197 days elapsed between that date and the filing of the federal petition on December 29, 2011, again leaving Petitioner with 168 days to spare.

Accordingly, Petitioner will be permitted to proceed on his claims.

---

[5] As a point of comparison, the Court notes that convicted criminal defendant has 42 days from the date a final order or judgment is entered in which to file an appeal. *See* I.A.R. 14(a).

**MEMORANDUM DECISION AND ORDER - 10**

**OTHER PENDING MOTIONS**

Respondent has filed a Motion for Extension of Time to File Answer or Pre-Answer Motion, with supporting Affidavit. (Dkts. 8, 8-1.) Good cause appearing, the Motion will be granted, and the Motion for Summary Dismissal (Dkt. 10) will be considered timely.

Petitioner's Request for a Status Conference and Scheduling Order (Dkt. 15) will be granted in part and denied in part. A schedule for the briefing of the merits of the claims is set forth herein below.

Petitioner has filed a Request to Pursue Discovery. (Dkt. 16.) He also filed a Motion for Discovery (Dkt. 17), setting forth various types of information he wishes to obtain from Respondent, such as a copy of the "Behavior Contract" for parole, a copy of the "Sex Offender Supervision Agreement," copies of emails and other communication between himself and the parole officer, Darwin Cameron, and other such items.

The merits of the claims in a federal habeas corpus petition generally are decided on the record that was before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1400 (2011). Only in limited circumstances may the state court record be supplemented in federal court, such as: (1) when a state court did not decide a claim on the merits, and the claim is properly before the federal court; (2) when the state court factual determination was unreasonable; (3) when a petitioner wishes to show cause and prejudice in a procedural default setting; or (4) when a petitioner is trying to show actual innocence to

**MEMORANDUM DECISION AND ORDER - 11**

overcome a procedural default or statute of limitations issue. Because Petitioner has not shown that any such grounds exist for discovery, his Request and Motion will be denied.

## ORDER

**IT IS ORDERED:**

1. Respondents' Motion for Extension of Time to File Answer or Pre-Answer Motion (Dkt. 8) is GRANTED. The Motion for Summary Dismissal (Dkt. 10) is considered timely.

2. Respondents' Motion for Summary Dismissal (Dkt. 10) is DENIED.

3. Petitioner's Request to Pursue Discovery (Dkt. 16) and Motion for Discovery (Dkt. 17) are DENIED.

4. Respondent shall file an answer to the claims **within 90 days** after entry of this Order. The answer should also contain a brief setting forth the factual and legal basis of grounds for dismissal and/or denial of the remaining claim. Petitioner shall file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which shall be filed and served **within 30 days** after service of the answer. Respondent has the option of filing a sur-reply **within 14 days** after service of the reply. At that point, the case shall be deemed ready for a final decision.

5. No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

**MEMORANDUM DECISION AND ORDER - 12**

6. No discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

7. Petitioner's Request for Status Conference (Dkt. 15) is DENIED, and Petitioner's Request for Scheduling Order (Dkt. 15) is GRANTED, as set forth herein above.



DATED: **August 7, 2013**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 13**